06-2531ghmAllenM&Owpd.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP R. ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2531 |
| | § | |
| MAXIMILLIANO HERRERA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Phillip R. Allen, a state inmate proceeding *pro se* and *in forma pauperis*, filed a 112-page civil rights complaint under 42 U.S.C. § 1983, raising numerous claims against seventeen defendants located in two prison units. In compliance with the Court's order, plaintiff filed a more definite statement (Docket Entry No. 7).

Having carefully reviewed the complaint and the more definite statement as required by 28 U.S.C. § 1915A, the Court will dismiss this lawsuit as frivolous and for failure to state a claim.

**I. BACKGROUND AND CLAIMS**

Plaintiff suffers from a progressive, degenerative medical ailment that leaves him susceptible to slipping and falling. In his more definite statement, he raises the following claims against the following defendants:

(1)     Physician Maximilliano Herrera examined plaintiff after he fell on August 30, 2004, and June 15, 2005. Plaintiff claims that Herrera was deliberately indifferent to his

serious medical needs by not considering his injuries serious enough for immediate attention, and by returning him to his cell without additional medical work-up. Plaintiff asserts no serious physical injury as a result of these events.

(2) Physician assistant Richard Woodcroft examined plaintiff six times between January 1, 2005 and September 8, 2005. Woodcroft x-rayed plaintiff, diagnosed him with spinal arthritis, and treated him for one or more broken ribs following a fall. Plaintiff complains that Woodcroft was deliberately indifferent by not considering his injuries serious enough for immediate attention, in providing him with crutches instead of a wheelchair, and transferring him to another unit. Plaintiff asserts no serious physical injury as a result of these events.

(3) Physician assistant Eugene Trotta examined plaintiff on October 1, 2004, and referred him back to Woodcroft. Plaintiff claims that Trotta was deliberately indifferent to plaintiff's serious medical needs by not considering his injuries serious enough for immediate attention or additional work-up, and by sending him back to Woodcroft. Plaintiff asserts no serious physical injury as a result of these events.

(4) Prison wardens E. Kennedy, A. Castillo, and W. Hodges, and prison director Ahia Shabaaz, failed to respond to numerous prison grievances and complaints plaintiff filed between August 31, 2004, and August 29, 2005. Plaintiff claims that their failures to respond constitute deliberate indifference. Plaintiff asserts no serious physical injury as a result of these events.

(5) Prison warden Brenda Chaney failed to respond properly to various prison grievances and complaints plaintiff submitted between October 11, 2005, and April 19, 2006. Plaintiff claims that she was deliberately indifferent by "not facing the issues appropriately." Plaintiff asserts no serious physical injury as a result of these events.

(6) Assistant warden R. Leal saw plaintiff fall on a wet floor on September 25, 2005 during the prison's Hurricane Rita evacuation. Leal ordered nearby inmates to pick plaintiff up and place him in a chair. Leal failed to respond to plaintiff's grievance filed two days later. Plaintiff claims that Leal was deliberately indifferent by picking plaintiff up from the floor and placing him in a chair instead of ordering a wheelchair, in failing to warn him about the wet floor and improperly maintaining the floor, and by not responding to his complaints. Plaintiff asserts no serious physical injury as a result of these events.

(7) Major J. Hicks also saw plaintiff fall during the hurricane evacuation. Plaintiff claims that Hicks was deliberately indifferent by ordering inmates to pick plaintiff up from the floor and place him in a chair, and in failing to put "wet floor" signs around the wet floor areas. Plaintiff asserts no serious physical injury as a result of these events.

(8) Physicians L. Largent and E. Hulipas provided plaintiff with crutches instead of a wheelchair to aid his mobility on September 28, 2005, December 13, 2005, and February 3, 2006, and Hulipas failed to "address issues at hand" during a medical appointment. Plaintiff asserts no serious physical injury as a result of these events. Plaintiff acknowledges that Largent is deceased.

(9)     Physician Niak examined plaintiff beginning on October 3, 2005, and initially refused to provide him with a wheelchair in lieu of crutches. Niak offered to refer plaintiff to John Sealy Hospital for medical reevaluation, but plaintiff declined. Niak subsequently agreed to order physical therapy and a temporary wheelchair for plaintiff. Plaintiff complains that he received the physical therapy, but was given a brace instead of a wheelchair and received the wrong type of footwear. Plaintiff claims that Niak was deliberately indifferent by not providing a wheelchair instead of crutches, and in not responding to his immediate medical needs. Plaintiff asserts no serious physical injury as a result of these events.

(10)    Physical therapist J. Palacios provided physical therapy services to plaintiff on October 10, 2005. Plaintiff fell during the treatment session and was helped to a chair by Palacios and physician Niak. He later was returned to his cell. Plaintiff asserts that Palacios was deliberately indifferent in allowing plaintiff to fall during therapy and not adhering to plaintiff's statement that he was "not alright" before returning him to his cell. Plaintiff asserts no serious physical injury as a result of these events.

(11)    Nurse E. Ramos responded to plaintiff's fall on September 17, 2005, and helped move him onto a stretcher after plaintiff refused to get up from the floor. Plaintiff complains that Ramos "jerked" plaintiff from the floor and later "jerked" the stretcher, and that she was unnecessarily rough and verbally abrasive while examining him. He asserts that Ramos was deliberately indifferent and endangered his life by being sadistic and abusive in her treatment of plaintiff. Plaintiff asserts no serious physical injury as a result of these events.

(12)     Nurse V. Aranda examined plaintiff following his fall in the chow hall on April 17, 2006. Plaintiff complains that Aranda was unnecessarily rough and verbally abusive while examining him, and was deliberately indifferent to his serious medical needs.  He also complains that no x-rays were taken.  Plaintiff asserts no serious physical injury as a result of these events.

(13)     Sergeant Birria ordered plaintiff to proceed through the chow line on April 17, 2006, and June 27, 2006, ignoring plaintiff's tray service pass.  Plaintiff slipped and fell while standing in line, hurting his neck and back.  Plaintiff's ensuing grievance shows that medical staff examined him after the incident and found no indications for x-rays or further treatment.  Plaintiff claims that Birria was deliberately indifferent by his "lack of interest in plaintiff's medical condition" and in not honoring plaintiff's tray service pass.

Plaintiff seeks $250,000.00 in punitive damages from each defendant, a wheelchair and full back brace, and no further interference from defendants with his medical care.

## II.  ANALYSIS

**A.     Standard of Review**

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is an inmate proceeding *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of his complaint, and, if appropriate, dismiss the case without service of process if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such

relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, an inmate's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim under section 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.*

**B.     Deliberate Indifference to Serious Medical Needs**

It is well-established that deliberate indifference to the serious medical needs of prisoners is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir.1989). However, deliberate

6

indifference involves more than just mere negligence. In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court concluded that a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

A careful review of plaintiff's allegations shows that his complaints are grounded in his disagreement with the type and degree of medical care he received. Plaintiff was provided with crutches to facilitate his mobility, although he had demanded a wheelchair. He was examined and treated after each episode of falling, although he had wanted x-rays and "more work-up." The decision whether to provide additional treatment is a classic example of a matter for medical judgment. *Estelle*, 429 U.S. at 107. An inmate's disagreement with the treatment provided by medical staff, or his claims of inadequate medical care, do not rise to the level of a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Nor does medical malpractice, standing alone, establish grounds for an Eighth Amendment claim. *Varnado*, 920 F.2d at 321. Negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). The fact that medical care given is not the best that money can buy, and the fact that a dose of medication

7

may occasionally be forgotten, does not amount to deliberate indifference to serious medical needs. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

Regardless, the Fifth Circuit has held that an inmate who had been examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical needs. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). It should be noted in this regard that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. *Banuelos*, 41 F.3d at 235. It is clear from this Court's review of plaintiff's voluminous grievance exhibits that he was afforded timely and regular medical care.

Plaintiff's complaints essentially are disagreements with medical personnel and medical decisions. Plaintiff was examined and evaluated by medical personnel, and a determination was made that he did not need x-rays, a wheelchair, or "more work-up." The fact that plaintiff disagrees with these and other medical decisions does not mean that his constitutional rights have been violated. Plaintiff's allegations neither support a medical conclusion that the treatment which he desired was medically necessary, nor a conclusion that the defendants were deliberately indifferent in failing to provide him such treatment. His allegations fail to state a claim for which relief can be granted.

To the extent that plaintiff seeks monetary compensation, his allegations fail under 28 U.S.C. § 1997e(e). Under that provision, no federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered

while in custody, without a prior showing of physical injury. Plaintiff claims he fell down on several occasions, and concedes that he was examined by medical staff who either treated or released him. Plaintiff makes no viable physical injury allegations related to deliberate indifference of medical staff, and he fails to show a physical injury sufficient to support an Eighth Amendment claim. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

To the extent that plaintiff's request for punitive damages is premised on mental or emotional distress, he has not alleged facts showing that defendants' conduct was so egregious or reprehensible as to warrant punitive damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); *Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990).

The Court is sympathetic to the fact that plaintiff has a pervasive chronic medical condition that causes him distress, pain, and inconvenience. That said, plaintiff's pleadings clearly reflect that he has received medical care on a regular basis, albeit not of the type and to the extent he would prefer, and that no constitutional violation is shown.

**C.    Deliberate Indifference to Health and Safety Risks**

Plaintiff claims that Warden Leal and Major Hicks saw him fall on the floor during the prison Hurricane Rita evacuation on September 25, 2005. They ordered him picked up and placed in a chair. Plaintiff asserts that these defendants were deliberately indifferent to his health and safety risks and endangered his life by picking him up and placing him in a chair. As with his other claims, plaintiff neither alleges nor shows a physical injury sufficient under section 1997e(e) to support a claim for deliberate indifference under these facts. Nor does he

show that defendants were aware of and deliberately disregarded an excessive risk to plaintiff's health and safety. These claims will be dismissed as frivolous and for failure to state a claim.

Plaintiff also complains that defendants were deliberately indifferent to his safety by failing to place "Wet Floor" warning signs on the floor during the hurricane evacuation, and by failing to keep the floor dry during the evacuation. At most, his allegations raise nothing more than negligence. *See Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference). The negligent act of an official that causes loss or injury will not state a claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff's claims do not present issues of federal constitutional dimension and will be dismissed.

**D.     State Law Claims**

Plaintiff also raises a state law negligence claim for defendants' failures to place "Wet Floor" signs around the prison floor and to maintain properly the floor during the hurricane evacuation. A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court has

dismissed plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

**E.     Grievances**

Plaintiff claims that prison officials were deliberately indifferent to his conditions of confinement and for his health and safety by failing to respond to or ignoring the numerous complaints and grievances he filed throughout 2004, 2005, and 2006. Plaintiff's complaint is not that he was denied his right to grieve, but that prison officials did not address or remedy his complaints.

Inmates have no constitutional right to a satisfactory resolution of their grievances and complaints. A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995); *Geiger*, 404 F.3d at 373. As plaintiff has no liberty interest in a satisfactory resolution of his grievances, any failures by prison officials to address or remedy his grievances do not violate a constitutional right. *See*, e.g., *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb. 12, 2004) (not designated for publication) (holding that claims that prison officials violated constitutional rights by failing to investigate grievances fall short of establishing a federal constitutional claim).

To the extent plaintiff claims that by denying him relief under his grievances prison officials were deliberately indifferent to his health and safety needs, he fails to show a

11

physical injury sufficient to support an Eighth Amendment claim. *See Geiger*, 404 F.3d at 374. Nor does he show that defendants were aware of and deliberately disregarded an excessive risk to plaintiff's health and safety. Plaintiff's claims of deliberate indifference as to his prison grievances and complaints will be dismissed.

**F.     Deliberate Indifference of Officer Birria**

Plaintiff complains that defendant Birria ignored plaintiff's "tray pass" and forced him to walk through the regular chow line on April 17, 2006, causing plaintiff to fall on the wet floor and hurt his back. Plaintiff alleges that on June 27, 2006 Birria again forced him to go through the chow line, but he does not state that it resulted in another fall. Plaintiff seeks damages for Birria's deliberate indifference to his health and safety.

Plaintiff's grievance as to this incident shows that medical staff examined him after the fall and that no indications for x-rays or further medical treatment were seen. Plaintiff fails to show a physical injury sufficient to support an Eighth Amendment claim. *See Geiger*, 404 F.3d at 374. Nor does he show that Birria was aware of and deliberately disregarded an excessive risk to plaintiff's health and safety. His deliberate indifference claims against Birria will be dismissed.

### III.  CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Any and all pending motions are **DENIED AS MOOT**.

The Clerk is directed to provide copies of this order to the parties; to the TDCJ Office of the General Counsel, P.O. Box 13084. Austin, Texas 78711; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

Signed at Houston, Texas, on October 17, 2006.

_____
Gray H. Miller
United States District Judge